UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY E. O'BRIEN, et al.,

        Plaintiffs,

v.                                 CASE NO.: 8:07-CV-1394-T-24MAP

THE POLK COUNTY SCHOOL BOARD,

        Defendant.
_____/

## ORDER

THIS CAUSE came before the Court for a preliminary pretrial conference today.  As set forth in Defendant's motion to dismiss and discussed at the hearing, Defendant is concerned that Plaintiff's complaint fails to state claims upon which relief may be granted in violation of Fed.R.Civ.P. 12(b)(6).  Upon review, it appears the complaint is typical of the sort of shotgun notice pleading that impedes the orderly, efficient, and economic disposition of disputes.  *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir.1996), cert. denied, 519 U.S. 1110 (1997); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir.1995); *Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir.), cert. denied, 502 U.S. 855 (1991). Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well. *Cramer v. State of Fla*., 117 F.3d 1258, 1263 (11th Cir. 1997). Plaintiff's counsel indicated at the hearing that he may be filing a motion pursuant to

Fed.R.Civ.P. 41(a) to dismiss the amended complaint.  Rule 41(a)(1) provides that an action may be dismissed by a plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment ... and that unless otherwise stated in the notice of dismissal, the dismissal is without prejudice.  The Plaintiff should be aware that the rule further states "that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

If Plaintiff opts not to dismiss the amended complaint, this Court, in an  attempt to narrow and define the issues from the earliest stages of the litigation, may invoke its inherent power to strike Plaintiff's amended complaint.  Fed.R.Civ.P. 12(f); *Cesnik, supra,* at 907 n. 13; *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n. 6 (11th Cir.1996) (discussing the inherent authority of the district court to narrow issues in a case); *Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir.1988) (reversed on other grounds) (noting that district courts may invoke their inherent power to narrow the issues for trial).  "Experience teaches that when district courts abdicate this responsibility, 'issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Ebrahimi v. City of Huntsville Bd. of Educ*., 114 F.3d 162, 165 (11th Cir. 1997) quoting *Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 367 (11th Cir.1996).

After consideration, it is hereby

ORDERED:

2

1.  This Court will defer ruling on the Defendant's motion to dismiss amended complaint (doc. 8) to allow Plaintiff an opportunity to reevaluate the amended complaint. Plaintiff has until March 21, 2008, to file a notice of dismissal as set forth herein.

DONE and ORDERED in chambers at Tampa, Florida on this 7th day of March, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE